IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY LAMAR ROCKETTE**                                              **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.: 3:17-CV-252-DMB-RP**

**WHELAN EVENT SERVICES**                                      **DEFENDANT**

**ANSWER OF DEFENDANT WHELAN EVENT STAFFING SERVICES, INC.**

Defendant, Whelan Event Staffing Services, Inc. ("Whelan")[1], submits the following Answer to the Complaint for Employment Discrimination ("Complaint") of Plaintiff, Terry Lamar Rockette ("Mr. Rockette"):

**Answer**

Without waiving its defenses and specifically reserving all benefits and advantages that may be had to the many errors, uncertainties, imperfections and insufficiencies of the Complaint, Whelan specifically answers the Complaint as follows:

**I. PARTIES**

Whelan is without sufficient information to admit or to deny Mr. Rockette's allegations regarding his address and contact information and, therefore, denies the same. Whelan admits that its address is correctly stated.

**II. CAUSE OF ACTION**

Whelan acknowledges that Mr. Rockette purports to bring his claims under Title VII of the Civil Rights Act of 1964, but it denies each and every conclusion, allegation and implication of the section under the heading "**CAUSE OF ACTION**" including, but not limited to, that Mr. Rockette can state any claims under Title VII, that he can establish any facts in support of his

---

[1] Incorrectly identified as "Whelan Event Services" in the Complaint.

1

claims under Title VII, that the Court has jurisdiction over his claims for which he failed to exhaust his administrative remedies and/or that are untimely.

### III.     STATEMENT OF CLAIM

Whelan acknowledges that Mr. Rockette purports to bring claims for discriminatory termination of employment and retaliation, and that he claims Whelan's alleged conduct was discriminatory because of his color, but it denies each and every conclusion, allegation and implication of the section under the heading "**STATEMENT OF CLAIM**" including, but not limited to, that the allegations listed under the heading "**Facts**" were due to discrimination or retaliation, that Mr. Rockette can state a claim for discriminatory termination or retaliation and/or that he can establish any facts in support of his claims.

### IV.     ADMINISTRATIVE PROCEDURES

Whelan acknowledges that Mr. Rockette filed a Charge of Discrimination with the EEOC against Whelan and that a Notice of Right to Sue was issued, both of which are attached to Mr. Rockette's Complaint as Doc #'s: 1-1 and 1-2. However, Whelan denies each and every conclusion, allegation and implication in the section under the heading "**ADMINISTRATIVE PROCEDURES**" including, but not limited to, those stated within the Charge of Discrimination and that Mr. Rockette can state any claims, and Whelan avers that the EEOC, as reflected in Doc #: 1-3 to Mr. Rockette's Complaint, already concluded that Mr. Rockette's claims were without factual or legal merit.

### V.     RELIEF

Whelan denies that Mr. Rockette is entitled to any relief whatsoever and avers that the relief requested is not available under Title VII and/or must be capped in accordance with applicable law.

## VI. CLOSING

Whelan denies each and every conclusion, allegation and implication in the section under the heading "**CLOSING**" and avers that the EEOC, as reflected in Doc #: 1-3 to Mr. Rockette's Complaint, already concluded that Mr. Rockette's claims were without factual or legal merit.

Whelan denies any and all conclusions, allegations and implications of the Complaint and attachments thereto not explicitly and expressly admitted herein.

### Affirmative and Other Defenses

1. The Complaint fails to state a claim upon which relief can be granted against Whelan.

2. This Court lacks jurisdiction over claims for which Mr. Rockette did not exhaust his administrative remedies and/or that are untimely.

3. Insofar as any contention of liability set forth in the Complaint was not expressly raised in an administrative charge of discrimination with the Equal Employment Opportunity Commission within the time prescribed by the applicable statutes, which said statutes are pled as defenses and as statutes of limitations, Mr. Rockette failed to exhaust his administrative remedies as to such claims, such claims are barred, and such claims should be dismissed with prejudice.

4. Insofar as Mr. Rockette did not commence this action within the time prescribed by the applicable statutes, which said statutes are pled as defenses and as statutes of limitations, Mr. Rockette's claims are barred and should be dismissed with prejudice.

5. To the extent Mr. Rockette seeks punitive damages, punitive damages cannot be justified in this case, and any award of punitive damages or other extra-contractual or exemplary damages would be a violation of the constitutional and statutory safeguards provided to Whelan under the laws and Constitutions of the United States of America and the State of Mississippi.

Specifically, among other reasons: a) any imposition of punitive damages in this case would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article III, Section 14, of the Mississippi Constitution of 1890 in that the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest; b) any imposition of punitive damages in this case would constitute an excessive fine in violation of Article III, Section 28, of the Mississippi Constitution of 1890, the Eighth Amendment to the United States Constitution, and of the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article III, Section 14, of the Mississippi Constitution of 1890; c) any imposition of punitive damages in this case based on wealth would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution; d) any imposition of punitive damages in this case would violate the procedural safeguards provided Whelan under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, and the applicable sections of the Mississippi Constitution of 1890 including, but not limited to, Sections 14, 17, 26, and 28, in that punitive damages are penal in nature; and e) any imposition of punitive damages in this case would constitute an ex post facto law in violation of Article I, Section 10, Clause 1, of the United States Constitution and of Article III, Section 16, of the Mississippi Constitution of 1890.

6. Mr. Rockette was an at-will employee employed for no fixed term but under an oral agreement to serve for an indefinite term all at the will and pleasure of Whelan, and he has not been called back to work due to, among other things, a good faith belief in the legitimate, non-discriminatory/non-retaliatory reason that he behaved in a threatening manner.

7. Mr. Rockette cannot state a *prima facie* case of discrimination/retaliation, nor can he demonstrate that Whelan's legitimate, non-discriminatory/non-retaliatory reasons for its actions are pretextual. As applicable, Mr. Rockette cannot prove any alleged prohibited considerations were the "but for" cause of the actions about which he complains.

8. Whelan's actions/inactions were not taken because of considerations disallowed under Title VII. None of Whelan's actions/inactions were based upon a specific intent to discriminate/retaliate, and all of Whelan's actions/inactions were based on legitimate, non-discriminatory/non-retaliatory, lawful reasons. Alternatively, Whelan avers that even if such considerations were found to have been a factor in Whelan's actions/inactions (which is denied), the same actions/inactions would have been taken/not taken absent such considerations and, therefore, Mr. Rockette cannot recover any damages or affirmative relief.

9. Mr. Rockette is not entitled to, and there can be no equitable relief or recovery of, liquidated damages, compensatory damages, punitive damages, actual damages, mental anxiety and stress damages, lost income, reinstatement, damages associated with alleged damage to reputation, attorneys' fees, costs, expenses, and/or any other monetary recovery and/or damages/relief under the facts of this case, and because Whelan has not violated Title VII, the Complaint fails to allege facts or circumstances sufficient to support such relief, recovery, and/or damages; the relief and recovery sought are unconstitutional and in violation of federal law; and for the reason that all actions/inactions of Whelan were in good faith, were predicated upon reasonable grounds to believe that its actions/inactions did not constitute violation of any law, were not willful, were not fraudulent, were not extreme or outrageous, and were not taken with actual malice, reckless indifference or gross negligence evidencing a willful, wanton, or reckless disregard for the safety of others. Alternatively, the recovery sought by Mr. Rockette should be

5

limited and/or capped in conformity with the limitations set forth in Title VII, 42 U.S.C. §1981a and other applicable statutes.

10. Mr. Rockette has suffered no damages based on any allegations in his Complaint.

11. Whelan did not do, nor fail to do, anything that caused or contributed to Mr. Rockette's alleged damages.

12. Mr. Rockette has not established the right to any amount of alleged damages.

13. Mr. Rockette has failed to mitigate the consequences of the actions for which he now complains, including any alleged damages.

14. Mr. Rockette has failed to take reasonable steps to avoid any alleged damages.

15. Mr. Rockette's alleged damages were caused by and/or contributed to by his preexisting conditions, intervening causes unrelated to any employment relationship between him and Whelan, and he caused and/or has engaged in contributory conduct.

16. Mr. Rockette's alleged damages were proximately caused by or contributed to solely by the acts, wrongs, and omissions of Mr. Rockette or other persons, entities, forces, or things over which Whelan had no control, for which Whelan bears no legal responsibility, and/or for which Whelan had no knowledge, or reason to have such knowledge.

17. Mr. Rockette's contentions of liability and alleged damages are subject to, barred by, and/or diminished by the doctrines of equitable estoppel, collateral estoppel, judicial estoppel, res judicata, after-acquired evidence, waiver, laches, misrepresentation, comparative fault, contributory fault, justification, unjust enrichment, consent, unclean hands, failure to complain in a timely manner, detrimental reliance, equity, offset, credit, ratification and/or acquiescence.

18. Any interim earnings of Mr. Rockette or amounts Mr. Rockette could have earned with reasonable diligence are a set off against and should reduce the monetary recovery he seeks in this case, including any award of back pay, front pay and/or other damages.

19. Mr. Rockette is entitled to only one satisfaction of his alleged damages.

20. Mr. Rockette is estopped under the applicable law including, but not limited to, the doctrines of *estoppel* and *res judicata* from attempting to litigate the matters alleged herein and, accordingly, this action should be dismissed.

21. Mr. Rockette's claims are barred by Mississippi Workers' Compensation Act.

22. Mr. Rockette's Complaint does not describe the claims asserted against Whelan with sufficient particularity to enable Whelan to determine all of the defenses available to it in response to this action. Whelan reserves the right to amend/supplement this Answer and to assert any additional defenses, affirmative or otherwise, and crossclaims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

23. Whelan denies any and all conclusions, allegations and implications of the Complaint and attachments thereto not explicitly and expressly admitted herein.

24. Whelan invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

25. The Complaint and/or claims alleged therein are frivolous, unreasonable and/or groundless, totally and wholly without merit, filed and maintained in bad faith, sanctionable under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and, therefore, should be dismissed in their entirety with prejudice and Whelan should be awarded the reasonable attorneys' fees, expenses, and costs incurred in the defense of this action.

**WHEREFORE, HAVING ANSWERED,** Whelan respectfully moves the Court, after due proceedings are had, to enter judgment in Whelan's favor on all allegations of the Complaint, dismissing Mr. Rockette's claims in their entirety, taxing all costs against Mr. Rockette, awarding Whelan its reasonable attorneys' fees, and granting Whelan all other relief that this Court deems proper.

Respectfully submitted, this the 29th day of January, 2018.

**WHELAN EVENT STAFFING SERVICES, INC.**

**By:**   */s/ Martin J. Regimbal*
**MARTIN J. REGIMBAL (MS Bar No. 102507)**
**JENNIFER D. SIMS (MS Bar No. 104655)**
**THE KULLMAN FIRM**
**A PROFESSIONAL LAW CORPORATION**
119 3rd Street South, Suite 2
Columbus, MS 39701
Post Office Box 827
Columbus, MS   39703-0827
Tel.:  (662) 244-8824
Fax:   (662) 244-8837
mjr@kullmanlaw.com
jds@kullmanlaw.com

*Attorneys for Defendant*
*Whelan Event Staffing Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing via U.S. Mail, postage prepaid, on:

Terry Lamar Rockette
308 Lincrest Lane
Water Valley, Mississippi 38965
Tel.:  662-609-5029
Email:  terryrockette@yahoo.com

*Pro Se Plaintiff*

**THIS**, the 29th day of January, 2018.

                                          */s/ Martin J. Regimbal*
                                          **MARTIN J. REGIMBAL**