IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY LAMAR ROCKETTE**                                                            **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:17-CV-252-DMB-RP**

**WHELAN EVENT SERVICES**                                         **DEFENDANT**

**ORDER GRANTING EXTENSION OF TIME**

On April 9, 2018, Plaintiff Terry Lamar Rockette submitted correspondence to the Court requesting "a continuance or more time to find a lawyer." Docket 18. Plaintiff asserts that he has "been in recovery from a bad car accident and losing a love [*sic*] one" which caused him to miss the deadline for submitting pre-discovery disclosures and "written statements from other individual concerning this case" *Id*. He requests an extension until "sometime in July or August, 2018" to "complete the tasks [he] need [*sic*]." *Id*.

Defendant Whelan Event Staffing Services, Inc. ("Whelan") responds that Plaintiff has failed to submit not only his pre-discovery disclosures, but also his responses to Whelan's first set of discovery requests, including requests for admissions. Docket 20. Although Plaintiff does not specifically mention the delinquent discovery responses in his request for an extension of time, the Court will liberally construe his reference to "written statements" to include his responses to Whelan's discovery requests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (finding that a document filed *pro se* is "to be liberally construed") (internal citation omitted).

Whelan states that it served its first set of discovery requests on Plaintiff via email and Federal Express delivery on February 20, 2018, making Plaintiff's deadline for responding March 26, 2018.[1] *Id*. Whelan argues that any extension of time to respond to its requests for

---

[1] The thirty-day deadline for responding to discovery requests (Fed.R.Civ.P. 33, 34, 36) is extended by three days

admissions would be futile as Plaintiff's failure to respond deems Whelan's requests admitted. Doc. 19. However, Whelan does not object to an extension of time for Plaintiff to provide his pre-discovery disclosures and respond to its interrogatories and requests for production of documents but states that Plaintiff's motion is insufficient to determine whether such a lengthy extension is necessary. Docket 20.

I. *Plaintiff's Initial Disclosures and Responses to Requests for Production of Documents and Interrogatories*

When a request for an extension of time is made before the expiration of a deadline, "this court grants additional time almost as a matter of course." *Casey v. Quality Restaurants & Concepts*, 2012 WL 3261367 at *2 (N.D. Miss. Aug. 8, 2012). However, the more stringent standards of Federal Rule of Civil Procedure 6(b)(1)(B) apply when the time for a response expires without a motion for additional time. Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired: […] if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

An extension under this Rule requires a showing of *both* good cause and excusable neglect. *Casey*, 2012 WL 3261367 at *2. "[P]art of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Id*. (citing *Johnson v. Bolivar County,* 2009 WL 4855988, *3–4 (N.D.Miss. Dec. 9, 2009)). The excusable neglect standard rests on an equitable determination that considers all relevant circumstances including "the danger of prejudice […], the length of delay and its potential impact on judicial proceedings, the reason for the delay,

---

under Federal Rule of Civil Procedure 6(d), which allows an additional three days when a paper is served by mail in accordance with Rule 5(b)(2)(C).

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Plaintiff's status as a *pro se* litigant does not excuse a lack of knowledge regarding the Federal Rules of Civil Procedure. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). However, the Court finds that Plaintiff's explanation for his failure to respond or request an extension in a timely manner amounts to good cause. Whelan does not object to Plaintiff's request for an extension of time to retain counsel, submit his initial disclosures, and respond to interrogatories and requests for production of documents, and the Court notes that approximately six months remain in the discovery period.[2] Docket 20, 8. Plaintiff's explanation and the absence of any danger of prejudice in granting an extension weigh in favor of a finding of excusable neglect warranting the requested extension of time.

Therefore, Plaintiff's request for an extension of time to retain counsel, submit his initial disclosures, and respond to Whelan's interrogatories and requests for production of documents is **GRANTED**, but not to the extent requested. The Court will allow Plaintiff until May 29, 2018, to either retain counsel or notify the Court that he intends to proceed without counsel. Retained counsel must make an entry of appearance on Plaintiff's behalf no later than May 29, 2018. Regardless of whether Plaintiff retains counsel, he must submit his initial disclosures and responses to Whelan's interrogatories and requests for production of documents no later than June 12, 2018.

II.     *Plaintiff's responses to Requests for Admissions*

Next, the Court will consider whether to extend Plaintiff's deadline for responding to

---

[2] Under the Case Management Order, the parties' discovery deadline is October 29, 2018. Docket 8.

Whelan's requests for admission. Whelan propounded the requests for admission on February 20, 2018 (Docket 16), making Plaintiff's deadline for responding March 26, 2018.[3] *See* Fed.R.Civ.P. 36(a)(3). Fourteen days after the deadline had passed, Plaintiff filed his motion for extension of time. Docket 18. Whelan contends that any extension of time to respond to its requests for admissions would be futile as Plaintiff's failure to respond deems Whelan's requests admitted. Doc. 19.

Generally each matter in a request for admissions is deemed admitted unless the responding party serves a written answer or objection within thirty days or within such shorter or longer time as the court allows. Fed.R.Civ.P. 36(a)(3). To allow the late filing of answers to requests for admissions is the equivalent of permitting a party to withdraw admissions made by operation of Rule 36(a). *Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 3 (W.D. Mo. 1973). Federal Rule of Civil Procedure 36(b) "grants the court discretion to withdraw or amend the admissions" when a party has failed to timely respond. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 191 (5th Cir. 1989).

Under Rule 36(b), "the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request." *Pleasant Hill Bank*, 60 F.R.D. at 3 (quoting 8 Wright, Federal Practice and Procedure § 2257, at 719–20 (1970)); *See also Dorsky Hodgson & Partners, Inc. v. Nat'l Council of Sr. Citizens*, 766 A.2d 54, 57 (D.C. 2001); *United States v. $30,354.00 in U.S. Currency*, 863 F. Supp. 442, 445 (W.D. Ky. 1994) ("the Court must strike a balance between diligence in litigation and the interests of justice"). Unless the opposing party demonstrates prejudice by reliance on matters previously admitted, "the trial court can and

---

[3] *See* fn. 1.

should extend permission to withdraw or amend." *Marshall v. District of Columbia,* 391 A.2d 1374, 1379 (D.C.1978) (citing Wright & Miller, Fed. Prac. & Proc., Civil §§ 2257, 2264 (1970)); *see also French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1969) (finding no prejudice where no delay is caused by allowing untimely replies to requests for admissions).

The Court finds that good cause exists for extending Plaintiff's deadline for responding to Whelan's requests for admission. The Court notes Whelan's objection on the basis of futility; however, Whelan does not allege any reliance on Plaintiff's admissions and thus has not demonstrated prejudice. Finding that this case is still in the early stages of litigation and ample time remains in the discovery period, the Court finds that an extension of time until June 12, 2018, will not cause delay, will "aid in the presentation of the merits" and is **GRANTED.**

Plaintiff has until May 29, 2018 to either retain counsel or notify the Court that he intends to proceed without counsel. Retained counsel must make an entry of appearance on Plaintiff's behalf no later than May 29, 2018. Regardless of whether Plaintiff retains counsel, he must submit his initial disclosures and responses to Whelan's interrogatories, requests for production of documents, and requests for admissions no later than June 12, 2018.

**SO ORDERED**, this the 30th day of April, 2018.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE