# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TERRY LAMAR ROCKETTE**                                                   **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:17-CV-252-DMB-RP**

**WHELAN EVENT STAFFING SERVICES, INC.**                                  **DEFENDANT**

## ORDER

On March 13, 2019, Plaintiff Terry Lamar Rockette filed a document titled "Ordered Report Regarding ADR and ADR Efforts Between Plaintiff and Defendant." Docket 92. Plaintiff's filing outlines his attempts to discuss ADR methods with counsel for Defendant Whelan Event Staffing Services, Inc. *Id*. According to Plaintiff, Whelan has refused to take part in any mediation, settlement conference, or arbitration; however, Plaintiff notes his willingness to participate in ADR and asks the Court to order Whelan to participate in ADR. Whelan, on the other hand, has since submitted its ADR report describing its past and ongoing efforts to resolve this matter.

The Case Management Order entered on February 6, 2018, states "at the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action." Docket 8. As such, at the Court's discretion, the parties to this action are specifically exempted from mandatory participation in one of the ADR methods set forth in Local Uniform Civil Rule 83.7.

The Case Management Order further provides that "the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply." Docket 8. While the parties in this action were not ordered to participate in ADR, the Case Management Order

provides a deadline of March 28, 2019, for reporting whether any ADR efforts were undertaken. *Id*.

The Court determined at the outset of this case that alternative dispute resolution techniques would not be required in this civil action. Therefore, the Court will not order Whelan to participate in alternative dispute resolution. While the relief requested in Plaintiff's "Ordered Report Regarding ADR and ADR Efforts Between Plaintiff and Defendant" is **DENIED,** the Court will accept Plaintiff's March 13, 2019 filing as satisfying his obligation to provide a Report Regarding ADR, as set forth in the Case Management Order.

**SO ORDERED**, this, the 19th day of March, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE